UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SASHA L. SERRETTE,

    Plaintiff,

v.

INDEPENDENCE CAPITAL
RECOVERY, LLC,

    Defendant.
_____/

Case No. 8:25-cv-02968

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff SASHA L. SERRETTE ("Plaintiff") by and through the undersigned, complains as to the conduct of INDEPENDENCE CAPITAL RECOVERY LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Middle District of Florida.

### PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age residing in Breaux Bridge, Louisiana.

5. Defendant is a third party debt collector and debt buyer who, upon information and belief, is assigned or otherwise purchases large portfolios of consumer debt for pennies on the dollar, and in turn seeks collection of such debts assigned to or purchased by Defendant. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 871 Venetia Bay Boulevard, Suite 112, Venice, Florida 34285.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a personal debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt was provided to Plaintiff by LendingPoint.

10. The sums provided to Plaintiff in connection with the subject debt were used by Plaintiff for her personal and household purposes.

11. The balance of the subject debt is approximately $11,000.00.

12. After falling behind on payments in connection with the subject debt, LendingPoint assessed the debt to be in default, charged off the subject debt, and subsequently placed it with Atlantic Recovery Solutions, LLC ("ARS") for collection purposes.

13. As a result of the harassing, deceptive, and unfair nature of ARS's efforts to collect upon the subject debt, Plaintiff hired the undersigned law firm to enforce her rights ("previous matter").

14. In approximately March of 2025, a settlement was reached in connection with the previous matter, through which the balance of the subject debt was to be waived.

15. However, upon information and belief, rather than waive the balance of the subject debt, LendingPoint instead sold the debt to Defendant for pennies on the dollar as part of a large portfolio of purportedly defaulted consumer obligations.

16. Defendant, in turn, sought collection of the subject debt from Plaintiff in full.

17. As such, Defendant is harassingly, deceptively, and unfairly attempting to collect a debt from Plaintiff which she does not owe.

18. Upon information and belief, Defendant does not maintain procedures designed to ensure that the individual debts comprising the mass portfolios it purchases are due and owing by consumers, instead unreasonably relying on the inaccurate information it is provided by LendingPoint.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, emotional distress, denial of the benefit of her bargain, distress commensurate with believing she had lost the benefit of her settlement of the previous matter, and numerous violations of her federally protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. The subject debt was an education loan provided to Plaintiff which was for used by Plaintiff for his personal purposes.

    a. **Violations of FDCPA § 1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Defendant violated § 1692d through its harassing efforts to collect the subject debt from Plaintiff despite the invalidity of the subject debt.

    b. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. § 1692e, e(2), and e(10) through its attempts to collect upon the subject debt despite its invalidity and Plaintiff's lack of obligation.

Defendant falsely represented to Plaintiff that she owed over $11,000.00 in connection with the subject debt, which was a blatantly false representation given Plaintiff's complete lack of obligation, legal or otherwise, on the subject debt.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The section further prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

30. Defendant violated §§ 1692f and f(1) through its efforts to collect sums from Plaintiff that it was not permitted to seek as a matter of law. At the time of Defendant's collection efforts, the subject debt was no longer due and owing by Plaintiff. It was generally unfair for Defendant to attempt to collect from Plaintiff an invalid debt. Defendant's efforts further resulted in its attempts to collect unlawful amounts given the extent to which Plaintiff's liability on the subject debt had been waived as a matter of law.

WHEREFORE, Plaintiff, SASHA L. SERRETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 30, 2025

Respectfully Submitted,

/s/ Maxwell W. Brooks
Maxwell W. Brooks, Esq.
Florida Bar No. 1040947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(630) 575-8181
Fax: (630) 575-8188
mbrooks@atlaslawcenter.com